# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARVIN B. LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:18-CV-791** |
| | § | **JUDGE MAZZANT/JUDGE JOHNSON** |
| SCOTT AND WHITE HEALTH PLAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 28, 2018, the report of the Magistrate Judge (Dkt. #14) (the "Report") was entered recommending that Plaintiff's Motion to Remand (Dkt. #6) be granted in part and denied in part. Specifically, the Report recommended that the matter be remanded to the 416th Judicial District Court of Collin County, Texas, as Cause No. 416-05291-2018.

The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

## I. BACKGROUND

Plaintiff filed suit in the 416th District Court in Collin County, Texas, asserting the following state law claims: (1) violations of the Texas Insurance Code Chapter 541 and 542; (2) violations of Chapter 17 of the Texas Deceptive Trade Practices Act; (3) Breach of Insurance Contract; and (4) Breach of the Duty of Good Faith and Fair Dealing. Dkt. #1-1 at 6–11. Plaintiff's

claims arise out of Plaintiff's health insurance plan, a Defendant Scott and White Health Plan, policy number 30026439 (the "Plan"). *See* Dkt. #1-1 at 5. Plaintiff alleges Defendant violated the Plan's terms by wrongfully denying coverage for outpatient cognitive therapy sessions over a three-month period, following a stroke Plaintiff suffered in 2016. *See* Dkt. #1-1 at 5.

Defendant filed a notice of removal on November 6, 2018 (the "Notice"), on the basis of federal question jurisdiction. *See* Dkt. #1 at 2. The Notice asserts Plaintiff's claims "arise under" federal question jurisdiction because the Plan is a federal health care plan purchased under the Patient Protection and Affordable Care Act ("ACA"). *See id*. Plaintiff filed a motion to remand. *See* Dkt. #6. The Magistrate Judge filed the Report recommending remand. Dkt. #14. Defendant Scott and White Health Plan ("Defendant") filed objections to the Report (the "Objections"). *See* Dkt. #15. Plaintiff filed a response to Defendant's Objections. *See* Dkt. #17. Defendant filed a reply, *see* Dkt. # 18, and Plaintiff filed a sur-reply, *see* Dkt. #19.

## II. ANALYSIS

**1. Objection One**

Defendant objects to the Magistrate Judge's order that Defendant's evidence must be struck. *See* Dkt. #15 at 6. Defendant submitted the declaration of Suzanne Brown (the "Brown Declaration") (Dkt. #7-1 at 1) to authenticate Exhibit A (Dkt. #7-1 at 3), the purported Plan documents, and Exhibit B (Dkt. #7-1 at 85), materials from the Centers for Medicare and Medicaid Services. Defendant argues that Exhibits A and B were properly authenticated as business records. The Court reviews objected-to portions of the Magistrate Judge's order for clear error. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The admissibility of evidence under a business records affidavit requires that the affidavit establish personal knowledge regarding how the records were made and kept to satisfy the

requirements of Federal Rule of Evidence 803(6). *See Travland v. Ector Co., Tex.*, 1994 WL 612342, at *4 (5th Cir. 1994) (unpublished); *Jackson v. Blockbuster, Inc.*, 2010 WL 2268086, at *3 (E.D. Tex. June 4, 2010). The Brown Declaration does not establish why Ms. Brown, as an employee for Baylor Scott and White Health, a separate entity from Defendant, is familiar with Defendant's records, nor establish her personal knowledge of all elements of Rule 803(6). The Brown Affidavit does not address the discrepancy between Plaintiff's purported Plan member number and the member number pled in Plaintiff's Petition. *Compare* Dkt. #3 at 4 and Dkt. #7-1 at 1. Additionally, the Brown Declaration does not establish any facts which clarify that the documents attached (*see* Dkt. #7-1 at 3, 85) belong to Plaintiff, as the documents lack any personal or identifying information referring to either Plaintiff or the Plan number. Accordingly, the Court finds the Magistrate Judge did not commit clear error, and Defendant's objection is overruled.

   **2. Objection Two**

Defendant objects to the Magistrate Judge's finding that Defendant failed to carry its burden to prove all four elements of the *Gunn* test to establish federal subject matter jurisdiction. *See* Dkt. #14 at 13. Defendant argues that the issue before the Court is of the small and special group of state-law claims which arise under federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Defendant bears the burden as the removing party to establish the federal court's jurisdiction. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). To prevail, Defendant must prove that the federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Specifically, Defendant objects to the Magistrate Judge's finding that the issue before the Court fails to pass the tests for elements (3) and (4). *See* Dkt. #15 at 3.

Federal courts addressing the question of whether the issues presented are "substantial" consider whether: (1) the issue presents a question of pure law; (2) the issue is dispositive of the case and controlling in numerous other cases; (3) the issue is one in which the government has a strong interest in litigating in a federal forum; and (4) whether the resolution of the case by one state court could undermine the ability of courts to develop a uniform body of law. *See Gunn*, 568 U.S. at 261–62; *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006); *Grable*, 545 U.S. at 315–16.

Defendant argues the issue before the Court is substantial because Texas law and the ACA "are mutually supportive [ due to] the ACA's preemption provision and the Texas Insurance Code's express deference to the ACA." *See* Dkt. #15 at 4–5. Defendant's argument hinges on an unfounded assumption that the Plan is an ACA-covered healthcare plan. *See* Dkt. #15 at 2. Facts establishing the Plan is an ACA-covered Plan are absent from the record before the Court. Neither Plaintiff's pleadings nor any admissible evidence demonstrate that the Plan was purchased through the ACA. Thus, the Court agrees with the Magistrate Judge's finding that the question before the Court presents a mixed question of law and fact.

Should the fact-finder determine that the Plan is an ACA-covered healthcare plan, that is not dispositive. The inquiry regarding Defendant's denial of Plaintiff's claims will still inherently be fact bound, as the fact-finder will need to determine whether additional treatment was medically necessary at the time of denial. *See* Dkt. #4 at 11–12. State courts are well equipped to make these determinations, especially, as Defendant asserts, because the Texas Legislature expressly limited coverage under the Texas Insurance Code to those essential health benefits provided under the ACA. *See* Dkt. #15 at 4 (citing TEX. INS. CODE ANN. § 1352.002(c); 42 U.S.C. § 18031(d)(3)(B)(ii)). Because the Texas Insurance Code expressly adopts provisions and

limitations under the ACA, Defendant fails to establish that the federal government has a particular interest in the resolution of the narrow issue raised in the Petition. Thus, the Court finds no error in the Magistrate Judge's finding that any federal issue is not "substantial."

Defendant also objects to the Magistrate Judge's finding that the issue before the Court does not satisfy element (4) of the *Gunn* test, which is that the issue be capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *See* Dkt. #15 at 5. Defendant argues that "both the ACA and Texas law expressly declare the federal-state balance to be in favor of federal law on Plaintiff's claims." *Id.* (emphasis omitted). Defendant's argument again relies on the application of the ACA to the Plan, which Defendant has not established. Additionally, Defendant relies upon the inclusion of limitations under the ACA within the Texas Insurance Code to establish that the Texas Insurance Code "defers" to the ACA. Because the Plan terms are not properly before the Court, the Court cannot determine whether the Plan is a "qualified health plan" under the Texas state law provisions cited by Defendant. Furthermore, the language cited by Defendant in Texas Insurance Code Annotated Section 1352.002(c) does not state that disputes under the Texas Insurance Code should be handled in federal court; rather the language is simply a limitation on payments by the state of Texas equivalent to those that exceed the "essential health benefits" required under the ACA. *See* TEX. INS. CODE. ANN. § 1352.002(c). Finally, Defendant argues that federal law applies but does not address the fact that state courts are capable of interpreting federal law, especially where, as here, federal codes act as limitations on state insurance coverage within state regulations and there is no private right of action under the federal statute. *See* INS. CODE. ANN. § 1352.002(c); *Dominion Pathology Laboratories*, 111 F. Supp. 3d 731, 738–39 (E.D. Va. June 19, 2015). The Court finds no error in the Magistrate Judge's conclusion that Defendant failed to establish that the federal-state balance requires this issue to be

resolved in federal court. Accordingly, Defendant's objection to the Magistrate Judge's recommendation that Defendant has not proven all four elements of *Gunn*, as required to establish federal jurisdiction, is overruled.

## III.    CONCLUSION

Accordingly, the Court finds that Plaintiff's Motion to Remand (Dkt. #6) is **GRANTED**, as set forth below:

This case is hereby **REMANDED** to the 416th Judicial District Court of Collin County, Texas, as Cause No. 416-05291-2018, for further proceedings.

**IT IS SO ORDERED**.

**SIGNED this 28th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE